# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## -CIVIL DIVISION-

**SHIRLEY A. VASKO,**

                    PLAINTIFF,          NO. _____

vs.

**MARK TWYFORD AND**
**WASHINGTON COUNTY**
**HABITAT FOR HUMANITY**
                  DEFENDANT,

TYPE OF PLEADING:
Complaint in Civil Action

FILED ON BEHALF OF:
Plaintiff

COUNSEL OF RECORD FOR THIS PARTY:

Charles E. Kurowski, Esquire
165 Laddie Drive
Washington, PA 15301
Pa. I.D. 33410

Telephone: 724.223.0777
Facsimile: 724.225.0986

**JURY TRIAL DEMANDED**

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## CIVIL DIVISION

**SHIRLEY A. VASKO,**

                PLAINTIFF,        NO. _____

vs.

**MARK TWYFORD AND**
**WASHINGTON COUNTY**
**HABITAT FOR HUMANITY**
                DEFENDANT,

                                  **JURY TRIAL DEMANDED**

## *COMPLAINT*

      **AND NOW,** comes the Plaintiff **SHIRLEY A. VASKO**, by and through her attorneys, **C. E. KUROWSKI, ESQUIRE** and files the following Complaint:

**PARTIES:**

      1. Plaintiff, SHIRLEY A. VASKO, is an adult individual residing at 393 Grace Avenue, Canonsburg, Washington County, Pennsylvania, 15317.

      2. The Defendant, MARK TWYFORD, is an adult individual and for purposes of this complaint was the Executive Director of the WASHINGTON COUNTY HABITAT FOR HUMANITY located at 1051 East Maiden Street, Washington, Washington County, Pennsylvania, 15301.

      3. The defendant WASHINGTON COUNTY HABITAT FOR HUMANITY is a non-profit corporation with its local place of business at 1051 East Maiden Street, Washington, Washington County, Pennsylvania, 15301.

**JURISDICTION:**

4. This action is brought pursuant to 42 U.S.C. Section 1983 for damages as a result of Defendant's unlawful violation of the Federal and State wiretap laws and violation of plaintiff's exercise of her First and Fourteenth Amendment rights and certain State law claims.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1331 and Section 1343.

6. Venue is proper in the U.S. District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. Section 1391 (b).

**BACKGROUND:**

7. Plaintiff was employed as the Executive Assistant for Habitat for Humanity at the time of the matters complained herein.

8. Plaintiff was a full time employee having been employed by the defendant Habitat for Humanity for approximately eight years and ten months.

9. Plaintiff was employed by the defendant Habitat for Humanity until October 24, 2014 when she was discharged by the defendant Mark Twyford acting as Executive Director for the WASHINGTON COUNTY HABITAT FOR HUMANITY.

10. Plaintiff was allegedly discharged for gross insubordination by the aforementioned Executive Director Twyford.

11. Subsequent to her discharge the Plaintiff filed an Unemployment Compensation case against the defendant employer and was vindicated, i.e. receiving a positive decision from the

Unemployment Compensation Board entitling her to unemployment Compensation. Defendant thereafter appealed the decision but was unsuccessful.

12. As a matter of fact the court indicated the plaintiff should or may file charges against the defendant for his unlawful conduct. See Exhibit "A".

13. It was at the Unemployment Compensation hearing plaintiff discovered the Executive Director engaged in an illegal use of electronic equipment at the time of the discussion with plaintiff and had another individual (also a Habitat Construction Manager ERICK PODURGIEL) intercepting and listening in to their conversation by the use of an electronic device which was completely unknown to the plaintiff.

14. Said device was the intercom system installed by Comcast being transmitted through wire and used in wire communication and took place on the premises of the business.

**COUNT I – 18 U. S. C. A. SECTION 2511 ET. SEQ.**

**VIOLATION OF THE FEDERAL WIRE AND ELECTRONIC COMMUNICATION INTERCEPTION AND INTERCEPTION OF COMMUNICATIONS**

15. Paragraphs 1 through 14 are incorporated by reference as though more fully set forth herein at length.

16. The actions of Mark Twyford individually and as Executive Director of HABITAT FOR HUMANITY are in retaliation and in violation of plaintiff's constitutional rights not to mention directing a Construction Manager of Habitat to assist him in this action.

17. This action/conduct was directed at plaintiff and exclusively at her, the plaintiff being unaware of any such use of listening devices nor was she told before hand that the defendants would be using such a tactic, intercom, scheme, conduct or underhanded method of having another person listening to her conversation.

18. Plaintiff had a right to rely on the fact the she and the defendant Twyford were having a private conversation between the two of them and that there were no other parties listening in to their conversation by use of a wire intercom.

19. Plaintiff attempted to discern from where such a decision was made but was unable to locate the source of same assuming that defendant Twyford was acting in his capacity as Executive Director for Habitat for Humanity and therefore acting for Habitat.

20. Nonetheless, if defendant Habitat for Humanity refuses to acknowledge they support his conduct, then in that event defendant Twyford acted individually.

21. It is alleged that defendant Habitat for Humanity has full knowledge of the conduct of defendant Twyford and has not corrected, regulated, or cautioned him and therefore defendant Habitat has not disavowed his conduct but to the contrary has upheld and approved his actions.

22. Defendant Twyford was not released or let go and as such it is believed defendant HABITAT FOR HUMANITY condones and authorizes such behavior and the behavior of another employee.

23. Seeing that the defendants have obviously violated a Federal Statute designed to protect persons such as the plaintiff from such actions, then and in that event they have violated plaintiff's civil rights by breaking said law and intercepting her private communication.

24. The defendants acted with absolutely no justification in law or under the facts in intercepting the plaintiff's private conversation through the use of an electronic device and by having another individual listening on said device to plaintiff's conversations.

25. The Court transcripts from which this information was gleaned at the Unemployment Hearing were transcribed for use in subsequent proceedings.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in her favor and against Defendants and award compensatory damages, statutory damages and punitive damages against the individual Defendants in an amount to be determined together with interest, costs, attorneys' fees, and along with such other relief as the Court deems just, fitting and proper as well as enter an injunction to abstain from all further acts with regard to using electronic devices against other employees without their knowledge and rescind this policy or dicta issued by defendant to be allowed to conduct such operations.

**COUNT II – 18 Pa. C.S.A. SECTION 5703 ET. SEQ.**

**VIOLATION OF THE STATE WIRETAPPING AND
ELECTRONIC SURVEILLANCE ACT**

26. Paragraphs one (1) through twenty-five (25) are incorporated herein by reference as if set forth in full.

27. The actions of Mark Twyford individually and as Executive Director of Habitat for Humanity are in retaliation and in violation of plaintiff's constitutional rights.

28. This action/conduct was directed at plaintiff and exclusively at her, the plaintiff being unaware of any such use of listening devices nor was she told before hand that the defendants would be using such a tactic, scheme, conduct or underhanded method of having another person (an employee of Habitat) listening to their conversation.

29. Plaintiff had a right to rely on the fact the she and the defendant Twyford were having a conversation between the two of them and that there were no other parties listening in to their conversation.

30. Plaintiff attempted to discern from where such a decision was made but was unable to locate the source of same assuming that defendant Twyford was acting in his capacity as Executive Director for Habitat for Humanity and therefore acting for Habitat.

31. Nonetheless, if defendant Habitat for Humanity refuses to acknowledge they support his conduct then in that event defendant Twyford acted individually.

32. It is alleged that defendant Habitat for Humanity has full knowledge of the conduct of defendant Twyford and has not corrected, regulated, or cautioned him and therefore defendant Habitat has not disavowed his conduct but to the contrary has upheld and approved his actions.

33. Seeing that the defendants have obviously violated a Federal Statute designed to protect persons such as the plaintiff from such actions, then and in that event they have violated plaintiff's civil rights by breaking said law and intercepting her private communications.

34. The defendants acted with absolutely no justification in law or under the facts in intercepting the plaintiff's private conversations through the use of an electronic device and by having another individual listening on said device to plaintiff's conversations.

35. The Court transcripts from which this information was gleaned at the Unemployment Hearing were transcribed for use in this proceeding.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in her favor and against Defendants and award compensatory damages and punitive damages against the individual Defendants in an amount to be determined together with interest, costs, attorneys' fees, and along with such other relief as the Court deems just, fitting and proper as well as enter an injunction for defendants to abstain from all further acts with regard to using electronic devices against other employees without their knowledge and rescind this policy or dicta issued by defendant to be allowed to conduct such operations.

## COUNT III - 42 U.S.C. §1983
## EQUAL PROTECTION FOURTEENTH AMENDMENT

36. Paragraphs one (1) through thirty-five (35) are incorporated herein by reference as if set forth more fully herein.

37. The Fourteenth Amendment provides that no person shall be denied "equal protection of the laws." U.S. Const. Amend. XIV, §1. This is a direction that all persons should be treated alike. Shuman vs Penn Manor School District, 422 F.3d 141, 151, (2005).

38. As set forth more fully above, Defendants caused a policy or conduct to be used and was used against the plaintiff violating both Federal and State Statutes by using electronic

devices to capture the words of plaintiff in a private conversation and without her knowledge or being forewarned of same thereby denying her Constitutional rights .

39. The effect of this conduct by defendant Twyford acting on behalf of defendant Habitat is a violation of the Pennsylvania Constitution Article I Section 10 and Federal and State Statutes and the Fourteenth Amendment to the Constitution.

40. There was no rational basis for this action and the defendant's conduct was not privileged and their actions were arbitrarily leveled against plaintiff not to mention involving a Construction Manager from defendant Habitat to assist him.

41. The conduct of the defendants is an unlawful and a complete denial of plaintiffs rights under law to protect her conversations from being intercepted through electronic means.

42. The cause of such treatment is unlawfully based on an illegitimate animus, which stemmed in part from plaintiff's legitimate exercise of her rights to act as an Executive Assistant for Habitat but which defendant Twyford disagreed.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in her favor and against Defendants and award compensatory damages and punitive damages against the individual Defendants in an amount to be determined together with interest, costs, attorneys' fees, and along with such other relief as the Court deems just, fitting and proper as well as enter an injunction against defendants to abstain from all further acts with regard to using electronic devices against other employees without their knowledge and rescind this policy or dicta issued by defendant to be allowed to conduct such operations.

Respectfully submitted,

/s/ C.E. Kurowski

_____

C. E. Kurowski, Esquire
Attorney for Plaintiff